EDWARDS, Judge.
Yvonne Jacomet, the plaintiff, was terminated from employment with T.H. Harris Vocational Technical School in January, 1984. She appealed the termination to the Civil Service Commission. The appeal was placed on the Commission’s docket for May 31, 1984, and was designated as No. 4375. Jacomet already had a previous appeal from September of 1983, No. 4138, set for that same date. The Commission scheduled the termination appeal for 9:00 a.m. on May 31, 1984, and the previous appeal for 9:30 a.m.
On the afternoon of May 30, 1984, the day before the hearing, plaintiff’s attorney telephoned the referee to request a continuance. He said his client was mentally ill and lacked the ability to aid in presenting her case. The referee informed him that the hearing on the termination appeal “ would be limited to a consideration of the issue of whether or not appellant had stated a clear and concise basis of appeal.” He was told further that his client did not have to be there, “... inasmuch as this hearing would be limited to legal argument from counsel for both parties.” Accordingly, the request for continuance was denied.
Plaintiff did not attend the hearing the next day, but neither did her attorney. As a result, the previous appeal, No. 4138, was continued without date. Plaintiff received notification to this effect from the referee. She assumed that the termination appeal, No. 4375, had been continued also. Four months later, on September 26, 1984, the referee filed a report dismissing No. 4375. *60 Jacomet now appeals the dismissal. Plaintiff sought review of the referee's decision by the Civil Service Commission. Review was denied. Plaintiff now appeals the matter to this court.
Her basic position is that she was prejudiced by the fact that all parties were immediately notified that the earlier appeal had been continued, but the dismissal was not filed until months later.
Civil Service Rule 13.22(b) reads as follows:
If neither the appellant nor his counsel appears at the place and time fixed for any hearing, without having been granted a continuance, the Commission or the referee may order the appeal dismissed.
Accordingly, we hold that the referee was within her discretion when she dismissed the appeal. We also hold that there was no abuse of discretion in the dismissal.
While Jacomet may have been inconvenienced by the referee’s late filing, she has proven no prejudice. There is no difference whatever in the action she took and the action she would have taken had both rulings been made on the same day. She was entitled, in either event, to apply to the Commission for review. She did apply, suffering no procedural or substantive detriment of any kind. Accordingly we affirm the judgment.
AFFIRMED.